CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
SEP 30 2010
JULIA C. DUDLEY, CLERK
BY: K. Beuderman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 7:06CR00002 |
| | ) (Case No. 7:10CV80278) |
| v. | ) |
| | ) MEMORANDUM OPINION |
| | ) |
| HARVEY LEE HAYES, JR., | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255. Upon review of the record, the court finds that the motion is untimely and will accordingly dismiss it.[1]

## Background

Hayes pleaded guilty in this court to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(e).[2] The court conducted a sentencing hearing on September 25, 2006. Based on Hayes' prior convictions, the court classified him as an Armed Career Criminal and imposed an enhanced sentence of 180 months imprisonment, pursuant to § 924(e). He did not appeal his conviction or sentence.

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that petitioner is not entitled to relief.

[2] Paragraph 1 of the plea agreement read, in pertinent part: "Count One charges me with possessing a firearm after having been convicted of a felony, in violation of [§ 922(g) & § 924(e)]. . . . There is a mandatory minimum sentence of 15 years imprisonment for this charge."

Hayes signed and dated his § 2255 motion on August 4, 2010,[3] alleging the following grounds for relief:

1. Counsel was ineffective in failing to argue that the indictment did not adequately charge the defendant under § 924(e);

2. Counsel was ineffective in failing to discuss the presentence report with the defendant before sentencing; and

3. The defendant does not have the necessary prior convictions to serve as predicates to sustain an enhanced sentence under § 924(e).

In answer to a question on the § 2255 form, asking why he did not raise these issues on appeal, Hayes states that he waived his right to appeal and when he asked counsel to file an appeal, counsel refused.

The court filed the § 2255 motion conditionally, notified Hayes that it appeared to be untimely, and offered him an opportunity to present any additional evidence regarding timeliness. He responded, arguing that he is entitled to equitable tolling of the statute of limitations applicable to § 2255 actions, because prison conditions have hampered his litigation efforts.

## Discussion

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

---

[3] An inmate's § 2255 motion is considered filed on the date when he signs the motion and delivers it to prison authorities for mailing to the court. See Rule 3(d) of the Rules Governing § 2255 Proceedings; Houston v. Lack, 487 U.S. 266 (1988) (finding that prisoner pleadings are considered filed on date delivered to prison authorities for mailing).

> United States is removed, if the movant was prevented from
> making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f). When the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. See United States v. Clay, 537 U.S. 522, 524-25, 532 (2003). If the district court gives the defendant notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Because Hayes did not appeal the judgment in this case, his conviction became final on October 16, 2006, when his opportunity to appeal expired.[4] See Fed. R. App. P. 4(b)(1)(A). Hayes then had one year–until October 16, 2007–in which to file a timely § 2255 motion. As he filed his § 2255 motion, at the earliest, on August 4, 2010, his motion is untimely under § 2255(f)(1).[5]

---

[4] In September 2006, the Federal Rules of Appellate Procedure required a notice of appeal in a criminal case to be filed within ten business days after entry of the judgment. Pursuant to amendments effective December 1, 2009, Rule 4(b)(1) now requires that a notice of appeal be filed within 14 calendar days from entry of judgment.

[5] Hayes' submissions offer no indication that his limitation period could be calculated under any of the other subsections of § 2255(f).

As stated, Hayes argues that equitable tolling should apply in his case. Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The defendant must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. He must also demonstrate that he exercised "reasonable diligence in investigating and bringing [the] claims." Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998).

Hayes argues that the limitation period should be tolled because the following conditions at the prison where he is housed have limited his ability to prepare and file legal pleadings: a limited number of operational typewriters; no paralegals or "legal techs" to assist inmates in preparing legal pleadings; the defendant's evening work hours conflict with the law library hours, which are limited; prison disciplinary rules discourage inmates helping others with legal work; Hayes received incompetent assistance from another inmate in preparing a prior court filing; and frequent lock downs and water problems prevent inmates from utilizing the law library for long periods. Hayes asserts that if the court will conduct an evidentiary hearing, he can bring witnesses to prove the extent of these problems.

The court cannot find that Hayes' allegations, even if true, are sufficient to warrant the application of equitable tolling in this case. Hayes waited nearly four years after his conviction to file a § 2255 motion. The docket reflects that in the intervening years, however, he was able to prepare and file several other post-conviction motions. In January 2008, he filed a motion under

Federal Rules of Civil Procedure 60(b), arguing that his sentence should be vacated. After the court dismissed the motion as meritless, Hayes pursued an appeal. In November 2009, Hayes filed a "Motion to Correct Error," which the court construed as a § 2255 motion. The court dismissed this § 2255 action after Hayes elected not to pursue it as a § 2255. In March 2010, he filed a motion to reduce sentence, and when it was denied, he pursued an appeal. This record does not support his current claim that prison conditions prevented him from preparing and filing a timely § 2255. As the court does not find grounds on which to apply equitable tolling in this case, the court must dismiss the motion as untimely. An appropriate order will issue this day.

The defendant is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). The defendant has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If the defendant intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 30th day of September, 2010.

/s/ *signature*
Chief United States District Judge