CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 30 2012

JULIA C. DUDLEY, CLERK
BY: /s/
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal Action No. 7:06CR00002 |
| | ) Civil Action No. 7:11CV80380 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| | ) |
| HARVEY LEE HAYES, JR., | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Relying on the United States Court of Appeals for the Fourth Circuit's recent decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), the defendant, Harvey Lee Hayes, Jr., filed a motion "for immediate release from custody," in which he asserts that his federal sentence was improperly enhanced on the basis of prior state convictions. Because the motion challenges the validity of his federal sentence, the court construed the submission as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The case is presently before the court on the government's motion to dismiss. For the reasons that follow, the government's motion will be granted and the defendant's motion will be dismissed without prejudice as successive.

On July 7, 2006, Hayes entered a plea of guilty to one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He was subsequently sentenced to a term of imprisonment of 180 months, as required by § 924(e)(1).

Hayes did not appeal his conviction or sentence. However, on August 6, 2010, the defendant filed a motion to vacate under § 2255. The court advised Hayes that the motion appeared to be untimely, and gave him the opportunity to file additional information concerning the timeliness of the motion. Upon reviewing the defendant's response, the court dismissed the

§ 2255 motion as untimely filed. The defendant's subsequent appeal was dismissed by the Fourth Circuit on January 21, 2011.

The defendant's recent submission challenging the validity of his sentence is properly construed as a § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (where a motion is "in substance a successive habeas petition," it "should be treated accordingly"). As the government explains in its motion to dismiss, this court may not consider a second or successive § 2255 motion unless the defendant obtains certification from the Fourth Circuit that the claims in the motion meet certain criteria. See 28 U.S.C. § 2255(h). Because Hayes has not submitted any evidence of having received certification to file a second or successive § 2255 motion, the instant motion must be dismissed as successive.[*]

For the reasons stated, the court will grant the government's motion to dismiss and dismiss the defendant's § 2255 motion without prejudice as successive. Additionally, because Hayes failed to make "a substantial showing of the denial of a constitutional right," the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 29th day of March, 2012.

_____
Chief United States District Judge

---

[*] The defendant is hereby advised of the procedure for obtaining certification from the Fourth Circuit to have this court review a successive § 2255 motion. The defendant must submit a copy of the successive § 2255 motion to the Fourth Circuit, along with a motion requesting authorization for the district court to consider the successive motion. See 28 U.S.C. § 2244. The applicable form and additional instructions from the Fourth Circuit are included with this memorandum opinion and the accompanying order.

2